IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RONALD E. HENRY**                          **PLAINTIFF**

VS.            **CASE NO. 4:18CV00464 JM**

**BARRY SIMS and**
**JUDICIAL DISCIPLINE AND**
**DISABILITY COMMISSION**                    **DEFENDANTS**

**FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Ronald E. Henry ("Henry") sued Barry Sims ("Sims") and the Arkansas Judicial Discipline and Disability Commission (the "Commission"). In his complaint, Henry alleges the defendants violated his due process rights. According to Henry, Sims, an Arkansas state court judge, violated

Henry's right to a jury trial. Henry concedes that he entered a plea of no contest in Sims' court in February, 2018. Henry also concedes he was represented by counsel. According to the complaint, Henry was charged with assault and terroristic threatening, and he entered the no contest plea to charges of aggravated assault of a family member and domestic battery in the third degree. Henry complains that since the police report showed there were no bodily injuries, there was no evidence of assault. Henry also alleges "all of these charges was fabricated by my wife and her grandson." Complaint, page 2. He further complains that he wrote to the Commission, which found no violation. Henry described the decision as a manifest injustice, and asks for his day in federal court to address his concerns. The plea statement, signed and initialed by Henry and signed by his state court attorney, is attached to the complaint. Docket entry no. 2, page 10.

Sims and the Commission filed a motion to dismiss the case for failure to state a claim. Docket entry nos. 7 & 8. The Court notified Henry of his opportunity to oppose the pending motion, and he submitted an additional pleading. Docket entry no. 12.

**Standard of Review**

Relief under Fed.R.Civ.P. 12(b)(6) should be awarded when a plaintiff fails to state a claim upon which relief may be granted. The basic requirement of a complaint is found in FED.R.CIV.P. 8(a)(2) – a plaintiff must submit only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.

2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

**Analysis**

The allegations against Sims should be dismissed pursuant to absolute immunity. Judges who are sued under 42 U.S.C. § 1983 are immune from liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-7 *reh'g denied*, 436 U.S. 951 (1978). In addition, in *Waller v. Wilson*, 2007 WL 4510323 (W.D. Ark.), the court held, "[j]udicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . . judges performing judicial functions enjoy absolute immunity" from § 1983 liability. *Id.*, p. 2. In this instance, Henry's allegations against Sims concern judicial acts occurring during Henry's criminal proceedings. These acts fall squarely within the ambit of judicial immunity, and we recommend the motion to dismiss be granted with respect to Sims.

The allegations against the Commission should also be dismissed as the Eleventh Amendment of the Constitution bars a suit against a state or its officials. The Commission is a state board. As such, it is not a "person" amenable to suit under 42 U.S.C. § 1983 for damages or injunctive relief. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70 (1989); and *Brown v. Missouri Dept. of Corr.*, 353 F.3d 1038, 1041 (8th Cir.

2004).

The defendants also argue, alternatively, that the complaint fails to state a claim upon which relief may be granted because of qualified immunity. That is, Sims and the Commission were performing their governmental functions and did not violate clearly established rights of which a reasonable person should have knows. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). They are correct that qualified immunity is an alternative basis for relief. There is no factual allegation in the complaint to defeat qualified immunity.

**Conclusion**

For the reasons stated, Henry's complaint against Sims and the Commission fails to state a claim upon which relief may be granted. Accordingly, the Court recommends that the motion to dismiss be granted, and that the case be dismissed with prejudice.

IT IS SO ORDERED this 13th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE